BLD-278                                                         NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2074
_____

IN RE: TORMU E. PRALL,

Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 1-10-cv-01228)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 12, 2014

Before: AMBRO, CHAGARES and VANASKIE, Circuit Judges

(Opinion filed: June 17, 2014)
_____

OPINION
_____

PER CURIAM

Petitioner Tormu E. Prall, proceeding pro se, seeks a writ of mandamus

compelling a district judge to disqualify himself and vacating certain of the District

Court's orders. Prall is the plaintiff in a civil action currently pending before the

Honorable Jerome B. Simandle. A subset of the defendants in that action moved for

summary judgment. Prall opposed the motion and filed a cross-motion for summary

judgment in response. The District Court granted the defendants' motion and denied Prall's motion. Prall then moved to disqualify Chief Judge Simandle and to vacate the order granting summary judgment for the defendants. Before the District Court could rule on the motion, Prall filed the instant petition along with a motion asking us to expedite our decision. For the reasons that follow, we will deny the petition.

Mandamus is a drastic remedy that is granted in only extraordinary cases. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To demonstrate that mandamus is appropriate, a petitioner must establish that he or she has "no other adequate means" to obtain the relief requested, and that he or she has a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

Prall seeks mandamus because he believes that the District Judge should recuse due to his alleged personal bias, which resulted in an allegedly erroneous grant of summary judgment in favor of the defendants. It is true that a mandamus petition is a proper means of challenging a district judge's refusal to recuse pursuant to 28 U.S.C. § 455. See In re Sch. Asbestos Litig., 977 F.2d 764, 774-75 (3d Cir. 1992). However, the District Court has not yet ruled on Prall's motions for recusal and to vacate the summary judgment order. We also note that the summary judgment order can be challenged on appeal. Thus Prall cannot make the required showing that he has "no other adequate means to attain the desired relief." In re Kensington Int'l Ltd., 353 F.3d 211,

2

223-24 (3d Cir. 2003) (denying mandamus on this basis when recusal motion was pending before district judge).

Further, although mandamus may be warranted when a district court's "undue delay is tantamount to a failure to exercise jurisdiction," Madden, 102 F.3d at 79, this case does not present such a situation. At the time Prall filed his mandamus petition, his motions for recusal and to vacate had been pending for just one month, which "does not yet rise to the level of a denial of due process." Id. (stating that several months of inaction is insufficient to warrant mandamus). We are confident that the District Court will rule on Prall's filings in due course.

Accordingly, we will deny Prall's mandamus petition. Prall's motion to expedite is denied as moot.